UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK POTTS,<br><br>        Plaintiff,<br><br>   v.<br><br>COUNTY OF TRINITY; TRINITY COUNTY SHERIFF'S OFFICE; and BRUCE HANEY, Sheriff of Trinity County,<br><br>        Defendants. | Case No. 2:12-CV-01793 JAM-CMK<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION |

This matter came on for hearing before the Court on August 22, 2012 on Plaintiff's Motion for Preliminary Injunction.  Having given full consideration to all of the Plaintiff's papers, evidence, and the relevant authorities, all of Defendants' responses thereto, and the oral presentation of counsel, for good cause appearing and in accordance with Fed. R. Civ. P. 65(b), the Court finds that Plaintiff has demonstrated that he is likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in Plaintiff's favor, and that an injunction is in the public interest.  See *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20

(2008).  Accordingly, it is **HEREBY ORDERED** that Plaintiff's Motion for Preliminary Injunction is **GRANTED.**

In support of this preliminary injunction, the Court makes the following findings:

- Unlawful acts have been threatened and will be committed unless restrained, or have been committed and the injurious effects of said acts will continue unless restrained.
- Substantial and irreparable injury to Plaintiff's constitutional speech rights is occurring and will continue to occur in the absence of immediate injunctive relief.
- As to each item of relief granted, greater injury will be inflicted upon Plaintiff by the denial of relief than will be inflicted upon Defendants by the granting of relief.
- Plaintiff has no adequate remedy at law.
- An injunction serves the public interest by upholding the Constitution.

**THEREFORE, IT IS HEREBY ORDERED** that Defendants County of Trinity, Trinity County Sheriff's Office, and Sheriff Bruce Haney, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants, are hereby preliminarily restrained and enjoined, pending a final determination on the merits, from interfering with Plaintiff Mark Potts' exercise of his constitutional free speech rights. Specifically, Defendants County of Trinity, Trinity County Sheriff's Department, and Sheriff Bruce Haney, their officers, agents, servants, employees, and attorneys, and all persons acting by, through, under, or in concert with Defendants, are hereby preliminarily **ORDERED RESTRAINED AND ENJOINED,** pending a final

determination on the merits, as follows:

1.  Defendants shall immediately rescind the Written Reprimand issued to Mark Potts on February 6, 2012, until such time as the Court has had an opportunity to rule on the merits of this case.

2.  Defendants shall immediately cease and desist from applying Sections 340.3.5(m) and (aa) and 1058.4(b) and (e) of the Trinity County Sheriff's Office Policy Manual to Plaintiff's letters to the editor of the *Trinity Journal*, so long as his letters are in his own name; address general policy matters, not specific official actions; and specifically state that the views expressed in the letters are Plaintiff's personal views and not those of the Trinity County Sheriff's Office.

3.  The Court finds that no bond is necessary in this case because Defendants' compliance with this preliminary injunction would not create a risk of monetary loss.  Moreover, Plaintiff has a strong likelihood of success on the merits, *see Scherr v. Volpe*, 466 F.2d 1027, 1035 (7th Cir. 1972); there is no realistic likelihood of harm to Defendants resulting from issuance of the injunction, *see Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 1997); and the "equities of potential hardships to the parties" weigh in favor of Plaintiff, *see Temple Univ. v. White*, 941 F.2d 201, 220 (3d Cir. 1991).

IT IS SO ORDERED.

Dated: August 22, 2012.

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE